IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Macy Kirkland, | : | |
| | : | Case No. 1:22-cv-414 |
| Plaintiff/Counterclaim Defendant, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order on Mediation Binders |
| Environmental Landscape, LLC, *et al.*, | : | |
| | : | |
| Defendants/Counterclaim Plaintiffs. | : | |

This matter is before the Court on the parties' cross-briefs on the issue of Plaintiff Macy Kirkland's mediation binders. (Docs. 29, 30.) Kirkland requests the Court to order Defendant Environmental Landscape, LLC ("ELL") to return to her binders she prepared and submitted to ELL for purposes of mediation. The mediation binders are composed of bates-stamped documents that were already produced in discovery. However, they were organized, annotated, and highlighted in such as manner as to illustrate how Kirkland intends to prove each aspect of her claims and the amount of damages. (Doc. 29 at PageID 824; Doc. 29-1 at PageID 892–896, 898–899.) Moreover, the covers and the detailed table of contents of the mediation binders were marked "For Mediation Purposes Only, Subject to Evid. R. 408." (Doc. 29-1 at PageID 892–896.)

ELL opposes return of the binders in part because Kirkland purportedly waived any work product privilege by sharing the mediation binders voluntarily and without stating that she would expect their return at the conclusion of the mediation. The Court finds this argument to be an insufficient basis for ELL to retain the binders. To the extent that Kirkland waived the privilege by sharing the mediation binders, she explicitly did so only for purposes of mediation. The

1

mediation binders and the work product contained therein were not produced in the normal course of discovery for all purposes. If this were ELL's only argument, the Court would have no hesitation ordering ELL to return the mediation binders to Kirkland.

However, ELL also opposes having to return the mediation binders to Kirkland because "defense counsel annotated the binders' content in order to prepare for the mediation and any subsequent proceedings in this matter." (Doc. 30-1 at PageID 910.) ELL contends, therefore, that Kirkland's mediation binders now contain its own protected work product. ELL does not provide information from which the Court can determine if the annotations were substantive nor did it state how many pages contain annotations. All the Court can say with certainty at this point is that Kirkland should not be able to obtain ELL's work product—the ELL defense counsel annotations—any more than ELL should be permitted to retain Kirkland's work product.

Accordingly, the Court **ORDERS** ELL, within three days of the date of this Order, to submit to the Court for an *in camera* review its set of the Kirkland mediation binders. The Court then will determine if the mediation binders in whole or in part—and any paper or digital copies thereof—should be returned to Kirkland, shredded or destroyed, or retained by ELL.

**IT IS SO ORDERED.**

BY THE COURT:

*Susan J. Dlott*
Susan J. Dlott
United States District Judge