IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Macy Kirkland, | : | |
| | : | |
| Plaintiff/Counterclaim Defendant, | : | Case No. 1:22-cv-414 |
| | : | |
| v. | : | Judge Susan J. Dlott |
| | : | |
| Environmental Landscape, LLC, *et al.*, | : | Order Compelling Attendance of Selective Insurance Company at Final Pretrial Conference |
| | : | |
| Defendants/Counterclaim Plaintiffs. | : | |
| | : | |

The Court set this matter for a Final Pretrial Conference and settlement conference ("FPTC") on February 26, 2025 at 10:00 a.m. in an Order dated October 30, 2023. (Doc. 28 at PageID 821.) That Order plainly requires parties and principles with full settlement authority to attend any settlement conference:

> Attorneys attending settlement conference must bring the party or a principal with full settlement authority. By full settlement authority, the Court means the person or persons attending must have authority independently to make necessary financial and settlement decisions. **Failure to follow this requirement will result in sanctions.**

(*Id.*) Likewise, the Court's Standing Order on Civil Procedures requires the attendance of attorneys, parties, and principals or agents with full settlement authority to attend the FPTC because final pretrial conferences always include settlement negotiations. (Standing Order on Civil Procedures at 10–11.)

Defense counsel has informed the Court that Defendants' insurance carrier is Selective Insurance Company and Lisa Hildebrand is the assigned insurance representative. Defense counsel stated during a conference held February 25, 2025 that he understood the requirement

1

that principals and agents with full settlement authority were required to attend the FPTC.  He further stated that he had informed Ms. Hildebrand that she was required to attend the FPTC.  However, on February 24, 2025 at 4:00 p.m., less than two days before the FPTC, Ms. Hildebrand informed defense counsel that she would not attend the FPTC.  Defense counsel then filed a Motion to Excuse Attendance of Insurance Claims Representative from the FPTC.  (Doc. 93.)  The Court verbally denied the Motion during the February 25, 2025 conference.

      The FPTC has been scheduled for more than one year.  The parties previously have engaged in several days of beneficial settlement negotiations with two different mediators.  The Court recently issued a 42-page Summary Judgment Order narrowing the issues for trial.  (Doc. 89.)  Based on the representations of counsel in separate *ex parte* letters, the Court has good reason to believe that the parties could reach a settlement agreement if all parties and principals or agents with full settlement authority participate at the FPTC.  If a settlement is not reached, the case will proceed to a jury trial in April 2025 expected to last at least one week where approximately thirty witnesses could be called to testify.  It is in the interest of the Court, the parties, and the public that the parties engage in good-faith settlement negotiations at the FPTC.  Therefore, the attendance of Ms. Hildebrand or her supervisor at the Selective Insurance Company with full settlement authority is both mandatory and necessary.

The Court hereby **ORDERS** that Ms. Hildebrand or her supervisor at the Selective Insurance Company with full settlement authority is compelled to attend the FPTC in person on February 26, 2025 at 10:00 a.m.  Selective Insurance Company will be held in **CIVIL CONTEMPT** if a representative with full settlement authority does not attend the FPTC.  Civil contempt sanctions will include a fine of at least $25,000.  The Court also will determine if additional civil or criminal contempt sanctions are appropriate.

       **IT IS SO ORDERED.**

                BY THE COURT:

                S/Susan J. Dlott
                Susan J. Dlott
                United States District Judge